```
                UNITED STATES DISTRICT COURT
                        FOR THE
                   DISTRICT OF VERMONT
```

United States of America        :
                                :
     v.                         :     File No. 2:98-CR-63
                                :
Chris Dean                      :

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 139)

Defendant Chris Dean has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In 1998, Dean sent a pipe bomb via United Parcel Service to Christopher Marquis of Fair Haven, Vermont. When Marquis opened the package, the bomb exploded, killing him and injuring his mother. Dean ultimately pleaded guilty to three federal offenses and is currently serving a life sentence, a concurrent sentence of 20 years and a consecutive sentence of 10 years for his crimes.

Dean's § 2255 motion contends that his sentence was illegally imposed based upon facts that were found by the Court but not admitted in his guilty plea. The government argues (1) that the motion is untimely, (2) that the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005) cannot be applied

retroactively to Dean's case, and (3) that Dean's counsel was not ineffective for failing to argue, prior to the Booker decision, that judicial fact-finding at sentencing violated Dean's Sixth Amendment rights.  For the reasons set forth below, I recommend that Dean's motion (Paper 139) be DENIED.

## Factual Background

On March 19, 1998, Christopher Marquis received a package at his home in Fair Haven, Vermont.  Hidden inside the package was a pipe bomb.  Marquis took the package to his bedroom, and with his mother also in the room, began opening it.  The bomb exploded, killing Marquis and injuring his mother.

Dean was arrested on March 20, 1998.  On June 18, 1998, a federal grand jury in Burlington returned a six-count indictment.  Counts 1 and 2 charged Dean with transporting an explosive in interstate commerce with death (Count 1) and physical injury (Count 2) resulting.  Counts 3 and 4 charged him with placing an explosive in instruments of interstate commerce.  Counts 5 and 6 accused Dean of using explosives in the course of committing other federal crimes.

On September 28, 1999, Dean entered pleas of guilty

to Counts 1, 2 and 6 of the indictment.  In exchange for Dean's plea, the government agreed to withdraw its notice of intent to seek the death penalty under Count 1, and to consent to the dismissal of Counts 3, 4 and 5.

The Court held Dean's sentencing hearing on February 8-11, 2000.  With respect to the charge of transporting an explosive with death resulting, the Court applied the first-degree murder guideline and concluded that the base offense level was 43.  The Court also found that Dean had obstructed justice in the course of the investigation and prosecution of his case.  Accordingly, the Court applied a two-level increase, and declined to reduce the offense level based upon acceptance of responsibility.  Dean had no criminal history points.

On Count 1, Judge Sessions sentenced Dean to life imprisonment, which was the Guideline sentence for a level 45 offender in criminal history category I.  On Count 2, Dean received a sentence of 20 years, and on Count 6 a consecutive sentence of 10 years.  Judge Sessions also ordered Dean to pay restitution and a special assessment.

Dean appealed his sentence, but did not raise the judicial fact-finding issue that he is currently arguing in his habeas corpus motion. On September 19, 2000, the Second Circuit affirmed Dean's sentence in an unpublished opinion. United States v. Dean, 2000 WL 1370262 (2d Cir. Sept. 19, 2000). Dean did not appeal to the U.S. Supreme Court.

## Discussion

### I. Legal Standard

To prevail in a habeas corpus motion under § 2255, a defendant must demonstrate (1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. A defendant may not assert a claim in a § 2255 motion that he or she failed to raise on direct appeal unless the defendant shows cause for the omission and prejudice resulting therefrom, or actual innocence. See Bousley v. United States, 523 U.S. 614, 622 (1998); Campino v. United States, 968 F.2d 187, 190-91 (2d Cir. 1992). One

exception to this rule is that a claim for ineffective assistance of counsel may be brought regardless of whether it was raised on direct appeal. Massaro v. United States, 538 U.S. 500, 504 (2003).

II. Statute of Limitations

The government first argues that Dean's motion is untimely. Section 2255 was amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) to include a one-year period of limitation for filing a habeas petition. In pertinent part, the statute states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255.

28 U.S.C. § 2255.

Dean argues that AEDPA's one-year limitation period violates the Suspension Clause of the Constitution. The Suspension Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."  U.S. Const. art. I, § 9, cl. 2.  In Swain v. Pressley, 430 U.S. 372, 381 (1977), the Supreme Court held that under the Suspension Clause, the test for a habeas corpus remedy is whether it is ineffective or inadequate to test the legality of a person's detention.  In keeping with Swain, the Second Circuit has determined that AEDPA's statute of limitations is constitutional.

> [B]ecause AEDPA's one-year statute of limitations leaves habeas petitioners with some reasonable opportunity to have their claims heard on the merits, the limitations period does not render the habeas remedy "inadequate or ineffective to test the legality of detention," and therefore does not *per se* constitute an unconstitutional suspension of the writ of habeas corpus.

Lucidore v. New York State Div. of Parole, 209 F.3d 107, 113 (2002) (quoting Rodriguez v. Artuz, 990 F. Supp. 275, 280-82 (S.D.N.Y. 1998)); see also Villaneuva

v. United States, 346 F.3d 55, 61 (2d Cir. 2003); Rodriguez v. Artuz, 161 F.3d 763, 764 (2d Cir. 1998).[1] In light of this clear Second Circuit precedent, Dean's Suspension Clause argument is without merit.

Dean further argues that Booker is retroactive, and that his motion is therefore timely under § 2254(3). In Booker, the Supreme Court held that any fact, other than a prior conviction, which was necessary to support a sentence that exceeded the maximum authorized by the facts established by a jury verdict, must be admitted by the defendant or proved to the jury beyond a reasonable doubt. 543 U.S. at 243-44. The government concedes that "Booker establishes that error occurred at Dean's sentencing." (Paper 142 at 8). Nonetheless, the Second Circuit has held that Booker does not apply retroactively to cases on collateral review. Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005). Consequently, the law in this circuit is that Booker

---

[1] The Second Circuit has suggested that if a petitioner were to demonstrate that he is actually innocent of the crime for which he was convicted, application of the AEDPA statute of limitations to bar habeas corpus relief might constitute a suspension of the writ. Triestman v. United States, 124 F.3d 361, 378 & n. 21 (2d Cir. 1997) (holding that claim of actual innocence would raise serious due process and Eight Amendment questions but declining to address alleged Suspension Clause violation; see also Rodriguez, 990 F.Supp. at 282. Dean makes no such claim here.

"does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker was issued."  Id. at 144.

The Court of Appeals affirmed Dean's sentence on September 19, 2000.  His sentence became final on December 18, 2000, when the 90-day period for filing a petition for a writ of certiorari expired.  Clay v. United States, 537 U.S. 522, 527-32 (2003).  He filed his petition in this Court over five years later.  Because Booker is not retroactive, its holding cannot be applied here, § 2255(3) is also inapplicable, and Dean's motion is untimely.  28 U.S.C. § 2255(3); Khan v. United States, 414 F. Supp. 2d 210, 214-15 (E.D.N.Y. 2006).

The government concedes that a § 2255 petition may be subject to equitable tolling.  (Paper 142 at 6, citing Baldayaque v. United States, 338 F.3d 145, 152-52 (2d Cir. 2003)).  Dean has not argued for equitable tolling, and tolling the AEDPA statute based purely upon a Booker claim would allow a bypass of the retroactivity requirement in § 2254(3).  Accordingly, there is no basis for equitable tolling in this case, and Dean's motion should be DENIED as untimely.

8

III.  No Legal Grounds For Sixth Amendment Claim

Even assuming, *arguendo*, that Dean's motion is timely, this Court may not apply the Booker holding. As noted above, the Second Circuit has held that Booker is not retroactive. Guzman, 404 F.3d at 144. Specifically, the Second Circuit determined that although Booker established a new rule of constitutional law, the rule was procedural rather than substantive. Id. at 141-42. The circuit court further held that the rule announced in Booker did not establish a "watershed rule 'implicating the fundamental fairness and accuracy of the criminal proceedings,'" and thus could not be applied retroactively. Id. at 142-43 (quoting Schriro v. Summerlin, 124 S. Ct. 2519, 2523 (2004)).

As an alternative to retroactivity, Dean argues that the rule announced in Booker was already in existence at the time of his sentencing by virtue of the Supreme Court's holdings in cases such as In re Winship, 387 U.S. 358 (1970), Mullaney v. Wilbur, 421 U.S. 684 (1975), United States v. Gaudin, 515 U.S. 506 (1995), and Jones v. United States, 526 U.S. 227

9

(1999). In reviewing this argument, it should be noted that Dean was sentenced within the statutory maximum on all three counts. See 18 U.S.C. § 844(d) & (h).

The principles announced in Booker arguably "appeared on the horizon" prior to Dean's sentencing. United States v. Claiborne, 388 F. Supp. 2d 676, 684 (E.D. Va. 2005). In Gaudin, the Supreme Court stated that the Constitution gives every defendant the right "to demand that a jury find him guilty of all the elements of the crime with which he is charged." 515 U.S. at 511. In Jones, the concurring opinions of Justices Scalia and Stevens stated that it was unconstitutional for "a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed." 526 U.S. at 252-53 (Stevens, J., concurring); see also id. at 253 (Scalia, J., concurring). Thereafter, in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt."

Dean does not argue that this Court sentenced him beyond the statutory maximum.  Instead, he contends that using a preponderance standard, the Court found facts and issued a sentence according to the then-mandatory Guidelines.  This argument would not have been viable prior to the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), and would not have been successful in a federal case prior to Booker.  "Before Blakely, it was understood among the federal courts of appeal that the statutory maximum for a particular offense was found in those portions of the United States Code setting forth the offenses and penalties, and not in the sentencing guidelines."  Claiborne, 388 F. Supp. at 686.  Consequently, when the Booker decision was issued, the Second Circuit concluded that the holding in Booker was a "new rule" of constitutional law.  Guzman, 404 F.3d at 142 (Booker not dictated by Apprendi or Blakely); see also United States v. Crosby, 397 F.3d 103, 108 (2d Cir. 2005) ("The Supreme Court's decision in [Booker] significantly altered the sentencing regime that has existed since the Guidelines became effective on November 1, 1987.").  Dean's argument that the Booker

11

rule was already in existence at the time of his sentencing is, therefore, without merit.

IV.   Ineffective Assistance of Counsel

In an effort to show cause for his failure to file within AEDPA's limitation period, Dean argues that his attorneys were ineffective for failure to raise a Sixth Amendment objection on appeal.  Because Dean's arguments focus on the application of the Guidelines, rather than violations of the applicable statutory maximums, his attorneys would have had to anticipate the rulings in Blakely and Booker.  "[T]he prevailing view among district courts in this circuit is that the failure to anticipate Blakely and Booker – and thus to argue the unconstitutionality of the United States Sentencing Guidelines at sentencing or on appeal – did not constitute ineffective assistance of counsel . . . ." Bretan v. United States, 2006 WL 238994, at *6 (S.D.N.Y. Jan. 31, 2006) (collecting cases); see also United States v. Cole, 2005 WL 1278519, at *4-*5 (D. Vt. May 26, 2005).  Because a failure to anticipate a significant shift in constitutional law does not constitute ineffective assistance of counsel, Dean's petition should not be granted on this ground.

12

<u>Conclusion</u>

For the reasons set forth above, I recommend that Dean's motion for a writ of habeas corpus (Paper 139), filed pursuant to 28 U.S.C. § 2255, be DENIED.

Dated at Burlington, in the District of Vermont, this 9th day of August, 2006.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).